IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00234-PAB-KLM

ATLANTIC RICHFIELD COMPANY,

      Plaintiff,

v.

NL INDUSTRIES, INC., and
NL ENVIRONMENTAL MANAGEMENT SERVICES,

      Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendants' **Motion for Leave to File and Serve Third-Party Complaint** [#26] [1] (the "Motion").  Plaintiff filed a Response [#28] in opposition to the Motion [#26], and Defendants filed a Reply [#29].  The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises.  For the reasons stated below, the Motion [#26] is **GRANTED**.

**I. Background**

_____

    [1] "[#26]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

- 1 -

This litigation concerns a private action brought under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), based on an inactive mining operation located in southwest Colorado (the "Site"). *See generally Compl.* [#1]. The Site contains a hazardous substance known as acid mine drainage ("AMD"). *Id.* ¶¶ 13, 16. Plaintiff is the current owner of the Site, although ownership has allegedly changed hands among various corporate entities for almost a century. *See id.* [#1] ¶¶ 13-21; *see also Counterclaim* [#13] at 15-18. In December of 2010, the United States Environmental Protection Agency ("EPA") took action to address the Site's AMD pollution by exercising its authority under 40 C.F.R. § 300.415(b)(2) to initiate a removal action. *Compl.* [#1] ¶ 22. In March of 2011, the EPA issued a Unilateral Administrative Order directing Plaintiff to fund and perform a removal action at the Site. *Id.* ¶¶ 22-25.

Plaintiff filed two claims against Defendants on January 28, 2020, primarily seeking to recover its costs expended in connection with the removal action, pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a). *See generally Compl.* [#1]. Plaintiff alleges that Defendant NL Industries is a successor to several prior owners and operators at the Site, as more specifically alleged by Plaintiff, and that Defendant NL Environmental, a wholly owned subsidiary of Defendant NL Industries, is contractually bound to assume liability for environmental remediation actions and related costs. *Compl.* [#1] ¶¶ 6-7, 9. On August 3, 2020, Defendants asserted two counterclaims against Plaintiff. *See Answer and Counterclaim* [#13]. The deadline for joinder of parties and amendment of pleadings is June 1, 2021. *Minute Order* [#33]. The present Motion [#26] was therefore timely filed on October 5, 2020.

- 2 -

In the Motion, Defendants seeks leave to file a Third-Party Complaint [#26-1] under Fed. R. Civ. P. 14(a)(1) against fifteen potentially responsible third parties (five named and ten who are presently unknown) who allegedly either owned or operated on the Site when it began producing and releasing AMD.  *Motion* [#26] at 2-3.  Defendants assert that, if found liable, it possesses "a clear statutory right to seek contribution" under CERCLA Section 113(f) from these fifteen third parties.  *Id.* at 3.  Plaintiff, in opposition to the Motion, asserts that impleader would unduly burden both Plaintiff and the Court while adding unnecessary delay.  *Response* [#28] at 5.  Defendants assert that impleader will not prejudice Plaintiff, create undue complication, or foster obviously unmeritorious claims.  *Reply* [#29] at 7.

## II.  Analysis

"CERCLA['s main thrust is to create broad civil liability for cleanup of contaminated sites . . ."  Daniel A. Farber et al., <u>Cases and Materials on Environmental Law</u> 759 (10th ed. 2019).  CERCLA imposes strict liability on four broadly defined classes of entities for either the release or threatened release of hazardous substances.  42 U.S.C. § 9607.  CERCLA Section 113(f) authorizes contribution claims by Section 107(a) defendants against other potentially responsible third parties, either during or after a Section 107(a) action, regardless of whether common liability has yet been established.  42 U.S.C. § 9613(f); *see United States v. Atlantic Research Corp.*, 551 U.S. 128 (2007).  Section 113(f) states that impleader via third-party complaint shall be governed by the Federal Rules of Civil Procedure.  42 U.S.C. § 9613(f)(1).

Unless the third-party complaint is filed within fourteen days of the defendant's filing of an answer, a defendant attempting impleader must obtain the Court's leave to do so.  Fed. R. Civ. P. 14(a)(1).  The determination of whether to allow the filing of a third-party complaint lies "within the sound discretion of the Court."  *Crapnell v. Dillon Companies, Inc.*, No. 14-cv-01713-KLM, 2016 WL 1376451, at *1 (D. Colo. Apr. 6, 2016).  A defendant may implead third-party defendants which "[are] or may be liable to [the defendant] for all or part of [the plaintiff's] claim against it."  Fed. R. Civ. P. 14(a)(1).  Such impleader requires either that the third party's liability be conditioned on the main claim's disposition or that the third-party is secondarily liable to the defendant.  *Saine v. A.I.A., Inc.*, 582 F. Supp. 1299, 1309 (D. Colo. 1984).  However, this "does not require identity between the primary and third-party claims."  *Maxfour Eng'rs & Architects, L.L.C. v. ARB, Inc.*, 233 F.R.D. 602, 605 (D. Colo. 2006).

Courts construe Rule 14 liberally to effectuate its intended purpose.  *U.S. Fidelity & Guar. Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968).  The rule's general purpose is to prioritize judicial economy by settling related matters in one litigation and obtaining consistent results from identical or similar evidence.  *Patten v. Knutzen*, 646 F. Supp. 427, 429 (D. Colo. 1986).  Rule 14 also seeks "to prevent the necessity of trying several related claims in different lawsuits."  *Armstrong Transp. Grp., Inc. v. TR Toppers, Inc.*, No. 12-cv-02821-MSK-MEH, 2013 WL 12192489, at *2 (D. Colo. Mar. 13, 2013) (quoting *First Nat. Bank of Nocana v. Duncan Sav. & Loan*, 957 F.2d 775, 777 (10th Cir. 1992)).  A timely motion to implead should be freely granted unless doing so would prejudice the plaintiff, unduly complicate the trial, or foster an obviously unmeritorious claim.  *American*

*Int'l Ins. Co. v. Cent. Sprinkler Co.*, No. 09-cv-02098-PAB-KMT, 2012 WL 1413106, at *1 (D. Colo. Mar. 31, 2010).

As previously noted, the Motion is timely, having been filed prior to the deadline for joinder of parties and amendment of pleadings. As discussed below, the Court finds that the proposed Third-Party Complaint [#26-1] will not "prejudice the plaintiff, unduly complicate the trial, or . . . foster an obviously unmeritorious claim." *Id.* at *1 (quoting *Falcone v. MarineMax, Inc.*, 659 F. Supp. 2d 401 (E.D.N.Y. 2009)).

First, as Defendants correctly note, Plaintiff fails to expressly raise a prejudice argument. *Reply* [#29] at 8; *see Response* [#28] at 4-5. Even had it done so, the Court finds that the low risk of prejudice would not support denial of the Motion. This case is at its "incipient stages," *Reply* [#29] at 8, and both parties still have approximately five months from the date of this Order to join additional parties or amend their pleadings. *See Minute Order* [#33]. Further, Plaintiff has purportedly acknowledged that it will soon need to amend its Complaint [#1] from a Section 107(a) CERCLA claim to a claim brought pursuant to Section 113, although it has not done so since the briefs on the present Motion were filed in October 2020. *Motion* [#26] at 3. Thus, Plaintiff is apparently still finalizing its cause(s) of action in this litigation, which dilutes any potential prejudice it could claim from impleader. *See id.*

Second, Plaintiff argues that impleader will "hugely complicate this litigation." *Response* [#28] at 5. However, multimillion dollar CERCLA litigation is an inherently complicated endeavor which can oftentimes require extensive discovery and motions practice. *See Reply* [#29] at 8. Thus, additional discovery and motions practice fails to

create the level of undue burden necessary to support a departure from Rule 14's liberal standards, especially in light of the relatively few impleaded parties here.  *See, e.g.*, *State of N.Y. v. Solvent Chem. Co.*, 179 F.R.D. 90, 95-97 (W.D.N.Y. 1998) (granting a motion to implead fifty-two third-party defendants in a CERCLA action); *but see City of Wichita v. Aero Holdings, Inc.*, No. 98-1360-MLB, 2000 WL 1480490, at *2-3 (D. Kan. Apr. 7, 2000) (denying a motion to implead 738 third-party defendants in a CERCLA action to avoid substantial burden and complexity).

Third, Plaintiff argues that impleader here lacks merit because Defendants' counterclaim triggers equitable distribution, therefore obviating the need for a third-party complaint.  *Response* [#28] at 5.  However, Plaintiff notably fails to contest the third parties' derivative liability, as alleged by Defendants.  *See generally Response* [#28]. CERCLA Section 113(f) allows Defendants to file claims against secondarily liable parties in separate proceedings—either during or after final resolution of Plaintiff's claims.  42 U.S.C. 9613(f)(1).  Given the Court's considerable interest in seeing all Site-related CERCLA claims resolved in a single action rather than separate and parallel lawsuits, the Motion "fit[s] nicely within Rule 14(a)."  *Maxfour Eng'rs & Architects, L.L.C. v. ARB, Inc.*, 233 F.R.D. 602, 605 (D. Colo. 2006).  Thus, the Court finds that allowing impleader here facilitates Rule 14's purpose of judicial economy and is consistent with Rule 14's liberal construction.

### III.  Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#26] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Defendants'

Third-Party Complaint [#26-1] for filing as of the date of this Order.

Dated: January 29, 2021                    BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge