**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 20-cv-00234-NYW-KLM

ATLANTIC RICHFIELD COMPANY,

    Plaintiff and Counter Defendant,

v.

NL INDUSTRIES, INC., and
NL ENVIRONMENTAL MANAGEMENT SERVICES,

    Defendants, Counter Claimants, and Third-Party Plaintiffs,

v.

UNITED STATES OF AMERICA,
OUTLOOK RESOURCES, INC.,
DISPOSITION PROPERTIES, LLC,
EL PASO REMEDIATION COMPANY,
CHEMETALL FOOTE CORPORATION,
REDPATH USA CORPORATION, formerly known as J.S. REDPATH CORPORATION,
BOYLES BROS. DRILLING COMPANY, and
JOHN DOES 1–10,

    Third-Party Defendants.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix. [Doc. 211]. Judge Mix recommends that Third-Party Defendant the United States of America's ("United States") Motion to Dismiss Second Amended Third-Party Complaint (the "United States Motion"), [Doc. 176], and Third-Party Defendant Redpath USA Corporation's ("Redpath") Motion to Dismiss Second Amended Third-Party Complaint or, in the Alternative, for Summary Judgment (the "Redpath Motion" and, collectively, the "Motions to Dismiss"), [Doc.

189], be granted; and that the Second Amended Third-Party Complaint, [Doc. 172], be dismissed in part without prejudice to the extent it relates to the United States, Third-Party Defendant El Paso Remediation Company ("El Paso"), and Redpath. [Doc. 211 at 13].[1]

Defendants and Third-Party Plaintiffs NL Industries, Inc. and NL Environmental Management Services (collectively, "NL") filed a "Statement of Agreement and Limited Objection" to the Recommendation ("Limited Objection"), [Doc. 215], and the United States responded, [Doc. 220]. For the reasons below, the Court **ADOPTS** the Recommendation, which is incorporated into this Order by reference, and **OVERRULES** NL's Limited Objection. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I.   LEGAL STANDARDS

### A.   Review of a Magistrate Judge's Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B.   Dismissal Under Federal Rule of Civil Procedure 12(b)(6)

In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995,

---

[1] El Paso filed a Motion to Join and Adopt the United States Motion, [Doc. 184], which Judge Mix granted, [Doc. 203 at 2].

1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

## II.     BACKGROUND

The factual allegations in the Second Amended Third-Party Complaint, [Doc. 172 at 16–45], are summarized in the Recommendation and accepted as true for present purposes. In addition, where appropriate, this Court includes allegations from the pleadings in this action.

This case arises out of claims brought by Atlantic Richfield Company ("ARCO") against NL alleging that ARCO has incurred costs and will incur future costs in responding to releases and threatened releases of hazardous substances at certain facilities and locations within the Rico-Argentine Site, near Rico, Dolores County, Colorado (the "ARCO Site"). [*Id.* at ¶ 2]. NL is the alleged successor to St. Louis Smelting & Refining Co. and Rico Mining and Reduction Company, which conducted operations at the ARCO Site prior to 1943. [*Id.* at ¶¶ 7–8]. NL alleges that it has "never owned, operated, or conducted any activities at the ARCO Site." [*Id.* at ¶ 6].

El Paso is a successor to "companies that owned property or operated or arranged for the disposal of hazardous substances at the ARCO Site." [*Id.* at ¶ 10]. The United States "includes the U.S. Department of the Interior acting through the Bureau of Land Management . . . , the U.S. Department of Agriculture acting through the U.S. Forest Service . . . , and other current and former departments, agencies, and instrumentalities of the United States government (collectively, the 'United States')." [*Id.* at ¶ 30]. The United States has owned land at the ARCO Site "where there has been a release of hazardous substances and where hazardous substances have come to be

3

located." [*Id.* at ¶ 32]. Redpath is a successor to J.S. Redpath Construction Company, which built "various drill stations at the ARCO Site in the 1980s." [*Id.* at ¶ 40]. NL alleges that Redpath "is responsible as an operator at the ARCO Site . . . at the time of disposal of hazardous substances." [*Id.*].

In response to the release of hazardous substances within the ARCO Site, the Environmental Protection Agency (the "EPA") issued a Unilateral Administrative Order (the "UAO") effective March 23, 2011, against ARCO. *See* [*id.* at ¶¶ 2, 48, 88]. ARCO alleges that since March 2011, it has made substantial progress implementing the required response actions as outlined in the UAO at a cost exceeding $ 63.7 million. [Doc. 171 at ¶¶ 3, 28]. On January 28, 2020, ARCO brought this civil action against NL pursuant to the Comprehensive Environmental, Response, Compensation and Liability Act ("CERCLA") § 107(a), 42 U.S.C. § 9607(a) ("Section 107(a)"). [Doc. 172 at ¶ 90; Doc. 1]. Originally, ARCO sought to recover "unreimbursed response costs that ARCO has incurred or will incur in response to releases or threatened release[s] of hazardous substances at the ARCO Site" on the basis of NL being a potentially responsible party ("PRP"), pursuant to Section 107(a) of CERCLA, which provides for joint and several liability among PRPs. [Doc. 172 at ¶ 90]; *see also United States v. Atl. Rsch. Corp.*, 551 U.S. 128, 129 (2007) (noting that Section 107(a) claim imposes joint and several liability among PRPs).

After initiating this action, ARCO entered into an Administrative Settlement Agreement and Order on Consent for Removal Action (the "AOC") with the EPA, resolving ARCO's liability with the United States relating to the ARCO Site as imposed by the UAO. *See generally* [Doc. 152-1]. Afterwards, the Court[2] granted ARCO leave to file an amended complaint that dismissed

---

[2] Originally, this action was assigned to Chief Judge Philip A. Brimmer and Magistrate Judge Mix. [Doc. 5]. It was then reassigned to Judge Regina M. Rodriguez, who adopted Judge Mix's Recommendation for leave to file an amended complaint that dismissed ARCO's Section 107(a)

4

ARCO's Section 107(a) claim and replaced it with a contribution claim made pursuant to CERCLA § 113(f), 42 U.S.C. § 9613(f) ("Section 113(f)"). *See* [Doc. 164 at 12; Doc. 170 at 4].

In the Second Amended Third-Party Complaint, [Doc. 172], NL asserts two claims against the United States, El Paso, and Redpath (collectively, the "Third-Party Defendants"): (1) contribution pursuant to Section 113(f) if NL is held liable to ARCO; and (2) declaratory relief pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2) ("Section 113(g)") and 28 U.S.C. § 2201, stating that if NL is found to be liable to ARCO, the Third-Party Defendants are liable for contribution for their equitable share of future response costs or damages. [*Id.* at ¶¶ 62–106]. The Third-Party Defendants seek dismissal of the Second Amended Third-Party Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 176; Doc. 189]. In the event that the Court considers matters outside of the pleadings, Redpath further moves for entry of summary judgment in its favor regarding NL's claims against Redpath. [Doc. 189 at 2].

The Motions were referred to Judge Mix for a Recommendation. [Doc. 179; Doc. 190]. After they were fully briefed, Judge Mix recommended that the Motions be granted and that the Second Amended Third-Party Complaint be dismissed in part without prejudice to the extent it relates to the United States, El Paso, and Redpath. [Doc. 211 at 13].

### III.   ANALYSIS

In the Recommendation, with respect to NL's contribution claim pursuant to Section 113(f), Judge Mix determined that the United States and El Paso's arguments regarding the common law application of CERCLA—specifically, that NL "has no claim for contribution as a matter of common law because, as a contribution defendant, NL . . . is potentially liable only for

---

claim. [Doc. 110; Doc. 164; Doc. 170]. The case was subsequently reassigned to the undersigned judicial officer upon her confirmation as a District Judge. [Doc. 205].

its equitable share"—to be dispositive of the Motions to Dismiss. [*Id.* at 6–7]. After setting forth the legal framework for the common law application of CERCLA, Judge Mix concluded that NL does not have a basis to seek contribution under Section 113(f) in this case. [*Id.* at 7–12].

Specifically, Judge Mix explained that "in order to assert contribution claims pursuant to Section 113(f), NL must carry the burden of showing that it faces 'an inequitable distribution of common liability among liable parties.'" [*Id.* at 11 (citations omitted)]. Judge Mix determined, however, that NL did not meet its burden because "if NL is found to be liable in ARCO's action asserting a Section 113(f) claim against NL," applicable law provides that "the Court would then equitably allocate the response costs among the liable parties." [*Id.* at 9 (quotation marks and citation omitted)]. In addition, Judge Mix noted that NL improperly relied upon cases where, in addition to Section 113(f) contribution claims, the parties were also facing active cost recovery claims under Section 107(a). [*Id.* at 10]. However, NL does not currently face a claim made under Section 107(a) because that claim was dismissed without prejudice, and therefore Judge Mix did not find that claim to be relevant to this present litigation. [*Id.* at 10–11].

Judge Mix also rejected NL's apparent argument that "it is subject to an inequitable share of its liability because ARCO has not asserted CERCLA claims against any other solvent PRP, and that to the extent NL is found liable for any orphan share, it will bear more than its several share of liability." [*Id.* at 11 (internal quotation marks and brackets omitted)]. In so doing, Judge Mix noted, *inter alia*, that (1) she was not "aware of any requirement that CERCLA claims must be made against *all* solvent PRPs" and (2) "any 'orphan share' liability applied to NL will be 'equitably apportioned.'" [*Id.* at 11–12]. In addition, Judge Mix recommended dismissal of NL's claim for declaratory relief pursuant to Section 113(g) on the grounds that that claim depends on the existence of a valid CERCLA claim. [*Id.* at 12–13].

6

In its Limited Objection, NL agrees with the Recommendation so long as this Court adopts Judge Mix's finding that "ARCO has already assumed liability attributable to third parties or orphans by limiting its complaint to NL." [Doc. 215 at 1 (internal quotation marks omitted)]. NL's purported agreement is based on the following statement at page 12 of the Recommendation:

> Furthermore, as El Paso states, "[t]he problem with [NL's] argument is that it *assumes the Court will improperly allocate to NL liability attributable to third parties or orphans*—but *ARCO has already assumed any such shares of liability by limiting its complaint to NL*." Therefore, *the Court rejects NL's arguments that NL is subject to an inequitable share of liability*.

[Doc. 211 at 12 (emphasis added) (citation and footnote omitted) (brackets in original)]. NL contends that it has no objection to the Recommendation "[w]ith the understanding that the Court will adopt the above statement at page 12 of the Recommendation and conclude that ARCO has already assumed liability attributable to third parties or orphans by limiting its complaint to NL." [Doc. 215 at 2 (internal quotation marks omitted)]. Specifically, NL insists that "ARCO should have full responsibility for" El Paso's and the United States's shares "and any orphan share[s] attributable to" those Third-Party Defendants "because ARCO chose not to sue" them even though each "is a liable party." [*Id.* at 2–3]. Similarly, NL asserts that "[t]he same should hold true" for Redpath, "who had a more limited role in the mining at the ARCO Site." [*Id.* at 3]. NL contends that "[a]ny decision to the contrary would be inconsistent with the CERCLA and the federal common law of contribution under CERCLA." [*Id.*].

However, "[t]o the extent that the Court does not adopt the Recommendation's statement" at page 12 of the Recommendation, [*id.*], NL objects to the Recommendation on two grounds. First, NL argues that the Recommendation "incorrectly limits NL's staturory [sic] right to contribution against the Third-Party Defendants." [*Id.* at 4]. Second, NL contends that "the Recommendation's requirement that NL show some overpayment at this stage is inconsistent with CERCLA." [*Id.* at 6].

7

In response, the United States agrees with the Recommendation's conclusion that NL does not have a legally viable Section 113(f) contribution claim against it, and argues that NL's objections are based on a misunderstanding of the applicable law. [Doc. 220 at 1–3]. Specifically, the United States contends that "NL Industries does not have a statutory right to contribution in this case because it does not satisfy the requirements of Section 113(f) and cannot demonstrate that it is subject to an inequitable share of response costs, for which contribution would be in order." [*Id.* at 3]. The United States agrees with the Recommendation's application of the law and conclusion that NL "is not eligible to bring a contribution claim under Section 113(f)." [*Id.* at 4]. The United States also maintains that NL's Limited Objection fails to address the authority cited in the Recommendation but, instead, NL incorrectly "insist[s] without support that its broad interpretation is consistent with CERCLA's plain language." [*Id.* at 4–5].

At the outset, the Court notes that NL's non-objection to the Recommendation is conditioned upon this Court concluding that "ARCO has already assumed liability attributable to third parties or orphans by limiting its complaint to NL." [Doc. 215 at 2 (quotations omitted)]. For support, NL asserts that "the Recommendation is correct" that "ARCO is responsible for all orphan shares, and for all shares of all parties it chose not to sue." [*Id.*]. NL also states that Judge Mix "found" that (1) "ARCO *should have full responsibility* for El Paso's share (and any orphan share attributable to El Paso) because ARCO chose not to sue El Paso even though it is a liable party"; and (2) "if NL cannot proceed against the United States, ARCO *should have full responsibility* for the United States' share (and any orphan share attributable to the United States) because ARCO chose not to sue the United States even though it is a liable party." [*Id.* at 2–3 (emphasis added)].

8

Respectfully, this Court does not read the Recommendation of the United States Magistrate Judge to require this Court to draw these specific legal conclusions about *ARCO's* responsibility in order to adopt the Recommendation. In observing that "ARCO has already assumed any such shares of liability by limiting its complaint to NL," [Doc. 211 at 12]—i.e., the portion of the Recommendation with which NL claims to agree—Judge Mix did not conclude that "ARCO *should have full responsibility*" for El Paso's and the United States's shares "because ARCO chose not to sue [those parties] even though [they are] liable," as NL claims in its Limited Objection. [Doc. 215 at 2–3]. Instead, Judge Mix simply found that because ARCO amended its pleading to include only a contribution claim against NL under CERCLA Section 113(f)(3)(B), *see* [Doc. 171], it could only obtain a judgment for NL's "equitably apportioned" share of ARCO's response costs (rather than joint and several liability borne by NL). *See* [Doc. 211 at 11–12].[3] Here, too, this Court respectfully declines to draw any conclusions with respect to *ARCO's* responsibilities based on the record before it.

A.   **Objection No. 1**

For its first objection, NL asserts that "the recommendation incorrectly limits NL's staturory [sic] right to contribution against the third-party defendants." [Doc. 215 at 4]. For support, NL claims that it "would face a substantial injustice if [its] contribution right were removed but ARCO was not deemed to have assumed the liability of the parties it failed to sue and

---

[3] In asserting that "the Recommendation [found that] ARCO should have full responsibility for El Paso's shares," NL claims that ARCO "provided El Paso with an indemnity in order to acquire all valuable mining assets of RAMCO and Dolores County." [Doc. 215 at 2]. Notably, NL previously made a similar statement in its Opposition to the United States's Motion to Dismiss, claiming that "ARCO has provided indemnities to other parties that NL has sued, and must have consciously decided not to sue them for that reason." [Doc. 188-1 at 11]. In fact, NL repeats that exact statement in its Limited Objection. *See* [Doc. 215 at 7]. However, Judge Mix expressly "decline[d] to consider any such indemnities because they are not identified in or referred to in the Second Amended Third-Party Complaint." [Doc. 211 at 12 n.7 (citation omitted)].

9

all orphan shares." [*Id.*]. According to NL, the CERCLA does not permit "such an obviously unjust shifting of third-party liability to NL." [*Id.*].

This objection appears to be related to NL's argument in its Opposition to the United States's Motion to Dismiss that it is (or will be) subject to an inequitable share of liability. *See* [Doc. 188-1 at 11]. However, as Judge Mix correctly explained in rejecting this argument, *see* [Doc. 211 at 8–12], a party's Section 113(f) contribution liability is for *several liability*—i.e., "[l]iability that is *separate and distinct from another's liability*, so that the plaintiff may bring a separate action against one defendant without joining the other liable parties." *Liability*, Black's Law Dictionary (11th ed. 2019) (emphasis added). In other words, because contribution liability under Section 113(f) will be several, "the total cleanup costs—including responsibility for 'orphan shares'—will be equitably apportioned among all the PRPs[.]" *Sun Co., Inc. (R&M) v. Browning-Ferris, Inc.*, 124 F.3d 1187, 1193 (10th Cir. 1997) (footnote omitted); *see also Tronox Worldwide LLC v. Atl. Richfield Co.*, No. CIV-07-1017-HE, 2012 WL 1493733, at *2 (W.D. Okla. Apr. 27, 2012) ("Courts generally hold that § 113(f) contribution-defendants cannot assert their own contribution claims against others because such defendants are only liable for their fair share of response costs in the first place."). The Court therefore rejects NL's argument that it will be subject to an inequitable share of liability, including the assumption that ARCO is seeking to shift "the liability of the parties it failed to sue" to NL. [Doc. 215 at 4].[4]

---

[4] In arguing that NL "would face a substantial injustice if [its] contribution right were removed *but ARCO was not deemed to have assumed the liability of the parties it failed to sue and all orphan shares*," [Doc. 215 at 4 (emphasis added)], NL appears to be concerned with the notion that, absent an express assumption of liability by ARCO for cleanup costs at the ARCO Site for which other PRPs may be responsible, NL will be held liable for *all* such costs. However, this Court agrees with Judge Mix that "it is not aware of any requirement that CERCLA claims must be made against *all* solvent PRPs." [Doc. 211 at 11]. Thus, NL's potential several liability for a portion of the cleanup costs is not increased disproportionately simply because ARCO has chosen not to sue any other PRPs. Indeed, in the First Amended Complaint, [Doc. 171], ARCO expressly seeks "an order directing the NL Defendants to pay their *equitably allocated share* of response costs that

Relatedly, NL also objects to the Recommendation on the basis that it is inconsistent with the express language under Section 113(f), which provides in relevant part that:

> Any person may seek contribution from any other person who is liable or potentially liable under [Section 107(a)] of this title, during or following any civil action . . . under [Section 107(a)] of this title. . . . Nothing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under . . . [Section 107] of this title.

42 U.S. Code § 9613(f)(1). Based on this language, NL argues that "[t]he sole 'specified condition' that had to exist for NL to have a statutory right to file and maintain a CERCLA § 113 claim is that NL had to have been sued under CERCLA § 107"; and "[t]hat condition was satisfied" when ARCO sued NL under Section 107. [Doc. 215 at 4–5]. NL further contends that it makes no difference that ARCO dismissed its Section 107 claim against NL without prejudice because it was permitted to seek contribution from other PRPs under Section 113(f) "as soon as" ARCO asserted a Section 107 claim against NL. [*Id.*]. Thus, NL specifically "objects to the requirement set forth in the Recommendation requiring NL to be the focus of a current live CERCLA § 107 claim" as "inconsistent with the plain language of" Section 113(f)(1), asserting that "[a]ny additional requirement recommended by the Recommendation based on federal common law" would contradict the "plain language" of the statute. [*Id.* at 5–6].

At the outset, the Court disagrees with NL that Judge Mix recommended additional requirements to state a Section 113 claim. Rather, she did "not find a previously dismissed Section 107(a) claim to be relevant to the present litigation," and declined to base her analysis on "speculation." [Doc. 211 at 10–11]. In any event, there is no dispute that ARCO previously asserted a Section 107(a) claim against ARCO, but then filed an amended complaint that dismissed

---

[ARCO] has incurred and will incur in the future . . . ." [Doc. 171 at ¶ 5 (emphasis added)]; *see also* [*id.* at ¶ 49 ("Atlantic Richfield is entitled to seek contribution from the NL Defendants for their *equitably allocated portion of response costs* incurred or to be uncured by Atlantic Richfield." (emphasis added))].

11

that claim and replaced it with a Section 113(f) contribution claim. *See* [Doc. 171]. And it is well-established that "[a]n amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *Franklin v. Kans. Dep't of Corrections*, 160 F. App'x 730, 734 (10th Cir. 2005). As a result, ARCO is not pursuing a Section 107(a) claim against NL such that NL can maintain its Section 113(f)(1) claim against the Third-Party Defendants. In this light, the Court also disagrees with NL that it "has met all the conditions necessary to assert a CERCLA § 113 claim against any other liable party" simply because ARCO *initially* asserted a Section 107(a) claim against it. *See Cooper Industries, Inc. v. Aviall Services, Inc.*, 543 U.S. 157, 158, 168 (2004) (holding that "[a] private party who has not been sued under CERCLA . . . [Section] 107(a) may not obtain contribution under [Section] 113(f)(1) from other liable parties"; and noting that although the plaintiff's original complaint included *separate* Section 107 and Section 113 claims, the trial court and a panel of the Fifth Circuit concluded that the plaintiff's amended complaint—which asserted a "combined" Section 107/Section 113 claim—"no longer advanced a stand-alone [Section] 107 claim").

      **B.**    **Objection No. 2**

For its second objection, NL claims that "the Recommendation's requirement that NL show some overpayment at this stage is inconsistent with CERCLA." [Doc. 215 at 6]. This argument relates to Judge Mix's assertion that "in order to assert contribution claims pursuant to Section 113(f), NL must carry the burden of showing that it faces 'an inequitable distribution of common liability among liable parties.'" [Doc. 211 at 11]; *see also Bd. of Cnty. Comm'rs of Cnty. of La Plata, Colo. v. Brown Grp. Retail, Inc.*, 768 F. Supp. 2d 1092, 1120 (D. Colo. 2011) ("[Defendant] need only prove that [Plaintiff] is a potentially responsible party . . . under CERCLA § 107(a)(1)–(4) and that it would be inequitable to require it to pay the total amount of recoverable costs.").

In support of this argument, NL primarily relies upon *Cyprus Amax Minerals Co. v. TCI P. Commun., LLC*, 28 F.4th 996 (10th Cir. 2022), [Doc. 215 at 6], wherein the Tenth Circuit stated that "[u]nder CERCLA, a plaintiff who has been held responsible for cleanup costs can seek contribution from a defendant if the defendant *could have been held responsible for some of those cleanup costs in the first place*." *Cyprus Amax Minerals*, 28 F.4th at 1012 (emphasis added). NL claims that "there is no dispute that the Third-Party Defendants 'could have been held responsible for some of those cleanup costs in the first place,'" and therefore it has sufficiently stated its contribution claim against the Third-Party Defendants. [Doc. 215 at 6–7 (emphasis omitted)].

The Court finds that *Cyprus Amax Minerals* is inapplicable to the facts of this case. Indeed, that case did not involve a third-party plaintiff's attempt to seek contribution under Section 113(f) from third-party defendants, and the plaintiff in that case was pursuing a claim against the defendant under Section 107(a), among others. *See Cyprus Amax Minerals*, 28 F.4th at 1000. As discussed above, there is no Section 107(a) claim in this case, and a private party who has not been sued under Section 107(a) "may not obtain contribution under § 113(f)(1) from other liable parties." *Cooper Industries*, 543 U.S. at 158.

Moreover, as NL points out, the *Cyprus Amax Minerals* court stated that "a plaintiff *who has been held responsible for cleanup costs* can seek contribution from a defendant if the defendant could have been held responsible for some of those cleanup costs in the first place." *Cyprus Amax Minerals*, 28 F.4th at 1012 (emphasis added); *see also* [Doc. 215 at 6]. However, NL does not claim that "it has been held responsible for cleanup costs" such that it can seek contribution from the Third-Party Defendants. In fact, NL takes the position that it "has never owned, operated, or

13

conducted any activities at the ARCO Site." [Doc. 172 at 18, ¶ 6]. Under these circumstances, the Court finds NL's second objection to be without merit.[5]

## CONCLUSION

For the reasons set forth herein, it is **ORDERED** that:

(1) NL's Statement of Agreement and Limited Objection to the Recommendation of United States Magistrate Judge [Doc. 215] is **OVERRULED**;

(2) The Recommendation [Doc. 211] is **ADOPTED**;

(3) The United States's Motion to Dismiss Second Amended Third-Party Complaint [Doc. 176] is **GRANTED**;

(4) Redpath's Motion to Dismiss Second Amended Third-Party Complaint or, in the Alternative, for Summary Judgment [Doc. 189] is **GRANTED**;

(5) The Second Amended Third-Party Complaint [Doc. 172] is **DISMISSED in part without prejudice** to the extent NL asserts claims against the United States of America, El Paso Remediation Company, and Redpath USA Corporation; and

(6) The Clerk of Court shall **TERMINATE** the United States of America, El Paso Remediation Company, and Redpath USA Corporation as Third-Party Defendants in this action.

DATED: February 22, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

[5] As the United States correctly points out, NL "does not object to the Recommendation's conclusion that the declaratory judgment claim against the United States should be dismissed in the absence of a valid Section 113(f) contribution claim." [Doc. 220 at 3 n.3].