**PUBLISH**

FILED
United States Court of Appeals
Tenth Circuit

March 27, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ATLANTIC RICHFIELD COMPANY,

   Plaintiff - Appellant,

v.

NL INDUSTRIES, INC.; NL ENVIRONMENTAL MANAGEMENT SERVICES,

   Defendants - Appellees.

No. 23-1349
(D.C. No. 1:20-CV-00234-NYW-KAS)
(D. Colo.)

_____

**ORDER**
_____

Before **HOLMES**, Chief Judge, **EBEL**, and **BACHARACH**, Circuit Judges.
_____

    This matter is before the court on Appellees' *Petition for Panel Rehearing and Rehearing* En Banc. We also have a response to the petition from Appellant.

    Pursuant to Fed. R. App. P. 40, the petition for panel rehearing is granted in part to the extent of the modifications at pages 3, 4, 5, and 6 of the attached revised opinion, which shall be filed as of today's date.

    The petition for rehearing en banc and the attached revised opinion were transmitted to all of the judges of the court who are in regular active service. As no

member of the panel and no judge in regular active service on the court requested that the court be polled, the petition for rehearing en banc is denied. *See* Fed. R. App. P. 40(c).

                Entered for the Court
                CHRISTOPHER M. WOLPERT, Clerk

                by: Jane K. Castro
                    Chief Deputy Clerk

FILED
United States Court of Appeals
Tenth Circuit

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

March 27, 2025

**FOR THE TENTH CIRCUIT**

Christopher M. Wolpert
Clerk of Court

_____

ATLANTIC RICHFIELD
COMPANY,

    Plaintiff - Appellant,

v.

NL INDUSTRIES, INC.; NL
ENVIRONMENTAL
MANAGEMENT SERVICES,

    Defendants - Appellees.

No. 23-1349

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 1:20-CV-00234-NYW-KAS)**

_____

Theresa Wardon Benz (Molly J. Kokesh, R. Kirk Mueller, and Gail L. Wurtzler with her on the briefs), Davis Graham & Stubbs, Denver, Colorado, for Appellant.

Joel L. Herz, Law Offices of Joel L. Herz, Tucson, Arizona, for Appellees.

_____

Before **HOLMES**, Chief Judge, **EBEL**, and **BACHARACH**, Circuit Judges.

_____

**BACHARACH**, Circuit Judge.

_____

This case involves the timeliness of a suit to recoup expenses for an environmental cleanup action. Generally, a party can try to recoup expenses through an action for either cost recovery or contribution. The two actions carry different periods of limitations.

Timeliness here turns on characterization of the action and selection of a suitable limitations period. If the claim involved cost recovery, the action would have been untimely. But the claim fits the statutory requirements for a contribution action.

So we would ordinarily apply the limitations period for contribution actions. But that period specifies four kinds of claims, and none of those claims exist here. So we need to select the more suitable statute of limitations. Do we apply the statute of limitations for contribution actions even though this statute specifies contribution claims that aren't involved here? Or do we apply the statute of limitations for cost-recovery actions even though this action involves contribution rather than cost recovery?

Between the two possibilities, the closer fit is the statute of limitations for contribution actions because the claim involves contribution rather than cost recovery. So we apply the period of limitations for contribution actions. Under this period of limitations, the action is timely.

## Background

**1. Environmental damage spurs this litigation.**

This action sprung from environmental damage at a mine in Colorado. Near the mine was a plant, which leaked sulfuric acid into a river. The owner of the mine tried to contain the leaks by building sludge ponds. But the acid continued to leak into the river.

As the leaks continued, Atlantic Richfield Company acquired the mine and created more sludge ponds for the sulfuric acid. Roughly two decades later (2000), the Environmental Protection Agency tried to stabilize the sludge ponds. But the acid continued to leak. So in 2011, the EPA ordered Atlantic Richfield to build water treatment systems.

In 2020, Atlantic Richfield sued NL Industries, Inc. and NL Environmental Management Services for cost recovery. The next year, Atlantic Richfield settled with the EPA. In the settlement, Atlantic Richfield agreed to continue the cleanup and to pay $400,000 to the EPA. After settling with the EPA, Atlantic Richfield amended the suit against the two NL entities to seek contribution as to part of the costs incurred in cleaning up the environmental damage.



## 2. The district court deems the action untimely.

The NL entities moved for partial summary judgment on the claims to recoup part of Atlantic Richfield's cleanup costs.[1] The district court granted the motion, ruling that these claims were time-barred. Atlantic Richfield appeals.

## Discussion

## 1. We independently apply the summary-judgment standard.

We engage in de novo review of the grant of summary judgment, viewing the evidence in the light most favorable to Atlantic Richfield. *Zahourek Sys., Inc. v. Balanced Body Univ., LLC*, 965 F.3d 1141, 1143 (10th Cir. 2020). With this view of the evidence, we consider whether the NL entities showed the lack of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.*

---

[1] The NL entities did not seek summary judgment on the claim involving contribution toward the $400,000 that Atlantic Richfield had paid the EPA.

4

## 2. This is an action for contribution, not cost recovery.

To select the more suitable statute of limitations, we must identify the kind of action that Atlantic Richfield has brought. There are two kinds of actions to recoup costs incurred in an environmental cleanup:

1. cost recovery and
2. contribution.

*Cost recovery* is available to parties who have incurred expense in cleaning up environmental damage but haven't faced a suit or settlement. *Atl. Rsch. Corp. v. United States*, 459 F.3d 827, 835 (8th Cir. 2006), *aff'd*, 551 U.S. 128 (2007). *Contribution* refers to a responsible party's effort to recoup a proportionate share of the expense incurred during or after a settlement or specified civil action. *United States v. Atl. Rsch. Corp.*, 551 U.S. 128, 138–39 (2007).

Actions for contribution and cost recovery entail separate statutes of limitations. *See* 42 U.S.C. § 9613(g)(2) (cost recovery), (g)(3) (contribution). Choosing between the two options, the district court applied the statute of limitations for cost-recovery actions. We disagree, concluding that the limitations period for contribution actions should apply.

We addressed this issue in *Sun Co. v. Browning-Ferris, Inc.*, 124 F.3d 1187 (10th Cir. 1997). There too we considered the appropriate limitations period, but neither limitations period appeared to be a perfect

5

fit. *Id.* at 1191–92. We characterized the action as one for contribution because the disagreement involved equitable apportionment of costs between potentially responsible parties. *Id.* at 1190. But the statute of limitations for contribution actions included only four kinds of claims, and none of those applied. *Id.* at 1189–91. We thus characterized the contribution action as a type of cost-recovery action. *Id.* With this characterization, the only applicable provision was the one for cost-recovery actions. *Id.* at 1191–92.

That characterization would seemingly apply here, for we too have a dispute between potentially responsible parties and the absence of any of the four kinds of claims listed in the statute of limitations for contribution actions. But after we decided *Sun Co.*, the Supreme Court said that cost recovery and contribution are distinct kinds of actions. *See Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 163 n.3 (2004) (stating that the remedies for contribution and cost recovery are "clearly distinct"); *United States v. Atl. Rsch. Corp.*, 551 U.S. 128, 138 (2007) (noting that § 107(a) [the cost-recovery provision] and § 113(f)(1) [the contribution provision] provide distinct causes of action).[2]

---

[2]   The NL entities argue that the Supreme Court has acknowledged that actions for cost recovery and contribution may overlap. *United States v. Atl. Rsch. Corp.*, 551 U.S. 128, 139 n.6 (2007). In *United States v. Atlantic Research Corp.*, the Court noted that *United Technologies Corp. v. Browning-Ferris Industry, Inc.* had recognized that a potentially responsible party might "sustain expenses pursuant to a consent decree

Given the Supreme Court's distinction between the two kinds of actions, we must address the continued viability of *Sun Co.* In determining the continued viability of our opinions after a contrary Supreme Court opinion, we've used different terminology. We have sometimes said that the precedent remains viable until it is "contradict[ed] or invalidate[d] by a subsequent opinion." *United States v. Brooks*, 751 F.3d 1204, 1209–10 (10th Cir. 2014). Other times, we've said that the standard is whether the Supreme Court has "indisputabl[y] and pellucid[ly]" abrogated the precedent. *Barnes v. United States*, 776 F.3d 1134, 1147 (10th Cir. 2015). Under either articulation of the standard, the Supreme Court has

---

following a suit under § 106 or § 107(a)," which are cost-recovery provisions. *Id.* (citing *United Techs. Corp. v. Browning-Ferris Indus., Inc.*, 33 F.3d 96, 97 (1st Cir. 1994)). In *United Technologies*, the court had "discuss[ed] two different species of contribution actions and expressed no views anent the relation between contribution and cost recovery actions." *United Techs.*, 33 F.3d at 103 n.12, *cited with approval in Atl. Rsch. Corp.*, 551 U.S. at 139 n.6. "The Supreme Court has [thus] termed [§§ 107(a) and 113(f)] 'similar and somewhat overlapping,' yet 'clearly distinct.'" *Atl. Rsch. Corp. v. United States*, 459 F.3d 827, 831 (8th Cir. 2006) (citing *Key Tronic Corp. v. United States*, 511 U.S. 809, 816 (1994), and *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 163 n.3 (2004)); *see also Bernstein v. Bankert*, 733 F.3d 190, 205 (7th Cir. 2013) (stating that "courts have noted that, despite its passing acknowledgment of a possible overlap [between claims for cost recovery and contribution] in *Atlantic Research*, the Supreme Court has repeatedly emphasized the procedural 'distinctness' of [these] rights of action"); *Hobart Corp. v. Waste Mgmt. of Ohio, Inc.*, 758 F.3d 757, 766 (6th Cir. 2014) (stating that the Supreme Court has recognized that although the remedies in § 107 and § 113 are similar and "somewhat overlapping," the two sections provide "clearly distinct" causes of action "to persons in different procedural circumstances" (quoting *Key Tronic*, 511 U.S. at 816, and *Atl. Rsch.*, 551 U.S. at 138–39)).

7

unambiguously abrogated our precedent by rejecting its foundation. *See United States v. Venjohn*, 104 F.4th 179, 187 (10th Cir. 2024) (stating that a Supreme Court holding "abrogates our precedents" by fatally undermining their foundation).

In *Sun Co.*, we used the limitations period for cost-recovery actions by viewing a contribution action as a subset of a cost-recovery action. 124 F.3d at 1192. But this view is no longer possible. *See* p. 6, above. So we can't continue to treat a contribution action as a kind of action for cost recovery. *See Hobart Corp. v. Waste Mgmt. of Ohio, Inc.*, 758 F.3d 757, 773–74 (6th Cir. 2014) (concluding that *Sun Co.* is "no longer good law" because "*Cooper Industries* and *Atlantic Research* have clarified that §§ 107 and 113 offer distinct causes of action and, therefore, are governed by distinct statutes of limitations"); *Cranbury Brick Yard, LLC v. United States*, 943 F.3d 701, 712 (3d Cir. 2019) (stating that *Sun Co.* is "stale" because "[m]ore recent Supreme Court precedent has clarified that cost recovery and contribution are 'clearly distinct' causes of action"); *see also Consol. Edison Co. v. UGI Utils., Inc.*, 423 F.3d 90, 99 (2d Cir. 2005) (interpreting *Cooper Industries* to mean "that it no longer makes sense to view [the contribution statute] as the means by which the . . . cost recovery remedy is effected by parties that would themselves be liable if sued under [a cost-recovery action]").

8

Given the distinction between actions for contribution and cost recovery, we must determine which characterization fits here. The scope of a contribution action is set out in § 113(f) of the Comprehensive Environmental Response, Compensation, and Liability Act. 42 U.S.C. § 9613(f). This section provides two categories of contribution actions. *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 167 (2004). One category appears in § 113(f)(1), allowing contribution during or after certain civil actions. *Id.* The second category appears in § 113(f)(3)(B), allowing contribution after an administratively or judicially approved settlement that resolves a party's liability to the federal government for an environmental response action. *Id.*

Atlantic Richfield's action falls into the second category, as the claim seeks contribution based on a settlement approved by an administrative agency (the EPA). The settlement covered not only Atlantic Richfield's payments to the federal government, but also the work to clean up the mining site. Atlantic Richfield's suit thus involves *contribution* under § 113(f)(3)(B).

Our characterization of Atlantic Richfield's action as a contribution action is supported by the text of § 113(f)(3)(B) and the settlement agreement. Section 113(f)(3)(B) authorizes a party to seek contribution after resolving its liability to the United States for "some or all" of a "response action." 42 U.S.C. § 9613(f)(3)(B). The statute defines *response*

9

to include any action for "removal" or "remedia[tion]." 42 U.S.C. § 9601(25).

Atlantic Richfield resolved its liability for a response action by settling with the EPA. Under this settlement, Atlantic Richfield had to perform a "removal action" at the mining site. Appellant's App'x vol. 2, at 242. This removal action would constitute a *response action* under § 113(f)(3)(B). 42 U.S.C. § 9601(25). Under this section, Atlantic Richfield could seek to recoup a part of its expenses from other parties that hadn't joined in the settlement. H.R. Rep. No. 253, 99th Cong., 1st Sess., pt. 1, at 80 (1985).

The NL entities contend that Atlantic Richfield is "gaming" the system by seeking the same expenses previously requested in a cost-recovery claim.[3] For this contention, the NL entities point out that Atlantic Richfield previously sought to recoup nearly all the same cleanup expenses before settling with the EPA. At that point, Atlantic Richfield could seek reimbursement only in a cost-recovery action.

But the later settlement changed the nature of the claim, foreclosing relief for cost recovery and triggering a right to seek contribution. The change stemmed from the settlement terms, which identified Atlantic

---

[3] Despite the accusation of "gaming" the system, the NL entities do not challenge Atlantic Richfield's characterization of the action as one for contribution.

Richfield's cleanup obligations. For example, the settlement expressly covered previous and future cleanup expenses, required Atlantic Richfield to engage in cleanup actions at the site, and protected Atlantic Richfield from future liability to the EPA or a third party. These terms triggered a right to seek contribution under § 113(f)(3)(B) regardless of Atlantic Richfield's reasons for entering into the settlement.[4]

Because the action involves contribution under § 113(f)(3)(B), we must determine which limitations period is more suitable. On its face, the inquiry is straightforward, for there is a statutory period of limitations for contribution actions: § 113(g)(3). So the Supreme Court has said that § 113(g)(3) provides a period of limitations for contribution actions brought under § 113(f)(3)(B). *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 167 (2004).

But § 113(g)(3) expressly covers only certain kinds of claims,[5] and the NL entities argue that none of those claims exist here. Atlantic

---

[4]  Seeking to explain its reasons for settling, Atlantic Richfield moves for leave to file a supplemental appendix. We deny this motion because Atlantic Richfield could have filed these documents in the initial appendix. After all, the NL entities' briefs in district court had questioned Atlantic Richfield's reasons for settling with the EPA. Appellant's App'x vol. 1, at 104. *See Wildearth Guardians v. U.S. Fish & Wildlife Serv.*, 784 F.3d 677, 702 (10th Cir. 2015) (denying leave to file a supplemental appendix because the appellants should have included the additional documents in the original appendix).

[5]  This section covers

Richfield disagrees, invoking one of these events (an administrative order under § 122(h)). But § 122(h) covers only settlements addressing expenses incurred by the federal government.

Atlantic Richfield's settlement did involve payment to the federal government of $400,000 for the federal government's expenses. But the NL entities don't question Atlantic Richfield's effort to recoup the money paid to the EPA. Rather, the dispute involves Atlantic Richfield's effort to recoup part of its own cleanup expenses. So Atlantic Richfield's effort to recoup cleanup expenses doesn't involve the settlement of an administrative order under § 122(h).

We thus lack any limitations period that would expressly apply. Atlantic Richfield incurred its cleanup expenses through an administrative settlement, which isn't covered by either § 113(g)(2) or (3). Section 113(g)(2) provides a statute of limitations for cost-recovery actions, but this isn't a cost-recovery action. Section 113(g)(3) provides a statute of limitations for contribution actions involving settlements for

---

- the entry of judgment,
- a *de minimis* settlement under § 122(g),
- a cost-recovery settlement under § 122(h), and
- a judicially approved settlement.

42 U.S.C. § 9613(g)(3).

12

administrative orders under § 122(h), but this provision doesn't apply either. So neither limitations period expressly applies. But Congress surely didn't mean to relieve a claimant like Atlantic Richfield from any time limitations. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983) (stating that when a statute of limitations doesn't apply, we don't assume "that Congress intended that there be no time limit on actions at all"). So the parties agree that one of these provisions must apply.

Without an expressly applicable provision, we borrow the "most closely analogous statute of limitations." *Id.*; *see also Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 147–48 (1987) (stating that courts may borrow statutes of limitations from other federal statutes when appropriate). To find the closest fit, we can look to either state law or federal law. The problem with using state law is that it would subject parties to a patchwork of limitations periods based on the happenstance of where the contribution action is filed. *See Cranbury Brick Yard, LLC v. United States*, 943 F.3d 701, 711 (3d Cir. 2019) (declining to borrow a limitations period under state law because that would "subject the federal government to varying liability state by state"). Federal law provides a closer analogy and accommodates federal cleanup policies. *Id.*

So which federal provision governs Atlantic Richfield's contribution action: the provision for cost-recovery actions (§ 113(g)(2)) or the

13

provision for contribution actions (§ 113(g)(3))? To answer, we consider the nature of the action and the legislative history.

The nature of the action involves contribution, not cost recovery. So we would ordinarily expect to apply the limitations period for contribution actions. *See Cranbury Brick Yard, LLC v. United States*, 943 F.3d 701, 712 (3d Cir. 2019) ("Given the differences between the two statutes of limitations, there is no textual basis to think that Congress intended to apply the trigger for cost-recovery actions to some contribution actions."); *RSR Corp. v. Comm. Metals Co.*, 496 F.3d 552, 556–58 (6th Cir. 2007) (applying the limitations period for contribution actions, even though none of the specified circumstances existed, because "[t]he face of the amendments . . . reveals a design to codify one limitations period for contribution actions and another period for cost-recovery actions").

Granted, Atlantic Richfield's action doesn't include the kinds of claims included in the statute of limitations for contribution actions (§ 113(g)(3)(B)). But other circuits have applied this statute to contribution actions regardless of whether they involved one of the four kinds of claims specified in § 113(g)(3)(B). *See Hobart Corp. v. Waste Mgmt. of Ohio, Inc.*, 758 F.3d 757, 775–76 (6th Cir. 2014) ("hold[ing] that § 113(g)(3) sets the proper limitations period for contribution actions; that § 113(g)(3) does not explicitly list a triggering event in this case; that there must be a triggering event; and that the signing of the [administrative

settlement agreement] is the most logical triggering event"); *Cranbury*, 943 F.3d at 710–12 (applying the limitations period in § 113(g)(3) to a contribution action under § 113(f)(3)(B) even though the claim didn't include any of the kinds of claims identified in § 113(g)(3)).

After all, Congress set out to create separate limitations periods for cost recovery and contribution. *See* H.R. Rep. No. 253, 99th Cong., 1st Sess., pt. 1, at 79 (1985) (describing separate statutes of limitations for contribution and cost-recovery actions); H.R. Conf. Rep. No. 962, 99th Cong., 2d Sess., at 223 (1986) ("The conference . . . adopts section 113(g)(3) . . . which prohibits the commencement of any action for contribution more than three years after the date of judgment in any civil action under this [a]ct"). By creating separate statutes of limitations for the two kinds of actions, Congress apparently intended to establish a uniform period of limitations for all contribution actions. *RSR Corp. v. Comm. Metals Co.*, 496 F.3d 552, 558 (6th Cir. 2007).

Given the nature of the action and the congressional design, "any contribution claim is subject to the . . . statute of limitations" in § 113(g)(3). *ASARCO, LLC v. Celanese Chem. Co.*, 792 F.3d 1203, 1210 (9th Cir. 2015). This statute provides a limitations period of three years. 42 U.S.C. § 9613(g)(3). So Atlantic Richfield had three years to sue from the entry of an administrative order. *Id.* The administrative settlement and

15

order were entered in 2021; Atlantic Richfield brought the contribution action the next year. So the contribution action is timely.

We therefore reverse the grant of summary judgment to the NL entities and remand for further proceedings consistent with this opinion.