IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00234-NYW-KAS

ATLANTIC RICHFIELD COMPANY,         )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )
                                    )
NL INDUSTRIES, INC. and NL ENVIRON- )
MENTAL MANAGEMENT SERVICES,         )
                                    )
    Defendants.                     )

**JOINT STIPULATED MOTION TO REOPEN CASE
AND SET SCHEDULING CONFERENCE**

Plaintiff Atlantic Richfield Company ("Atlantic Richfield") and Defendants NL Industries, Inc. and NL Environmental Management Services (collectively "NL") – for the reasons set forth below – respectfully request that the Court reopen this case for further proceedings and set a date for a scheduling conference.

1.    On March 11, 2025, this Court issued a "Minute Order" [Doc. 271] directing as follows:

> In light of the Tenth Circuit's Order, see [Doc. [269]; Doc 270]], the Parties SHALL FILE a motion to reopen the case on or before April 8, 2025. The motion to reopen should address what further discovery, if any, the Parties anticipate in this matter.

2.    Pursuant to this Court's Minute Order, and the Tenth Circuit's order that the case be remanded to this Court for further proceedings, the Parties respectfully request that this case be reopened.

3.    Respecting the Court's direction to address what further discovery the Parties anticipate in this matter, the Parties note that no discovery has occurred thus far. Instead, discovery

1

as described in this Court's initial Scheduling Order entered on August 12, 2020 [Doc. 18], and amended on August 17, 2020 [Doc. 21], has been stayed several times, most recently by this Court's order dated August 18, 2023 [Doc. 258] granting Atlantic Richfield's motion to certify an interlocutory appeal ("August 2023 Order"). The stays were prompted by the filing of various dispositive motions by NL, NL's joinder of several third party defendants (now dismissed), motions by or concerning those third-party defendants, and Atlantic Richfield's motion to certify the case for interlocutory appeal, and the Court's orders on these motions. Likewise, and for the same reasons, numerous scheduling conferences to revisit the original Scheduling Order were set but vacated including, most recently, by the Court's August 2023 Order.

4. Given the current configuration of the case, and the fact that no discovery was conducted previously, the Parties anticipate conducting full discovery, including interrogatories, requests for production of documents, requests for admission, and depositions of expert, fact and corporate representative witnesses as authorized by the Federal Rules of Civil Procedure.

5. For its part, Atlantic Richfield anticipates that discovery can be completed within the scope and limitations set forth in the Federal Rules of Civil Procedure as modified by the Court in the original Scheduling Order expanding the number of depositions to ten (10) per side.

6. To avoid any surprises, NL notifies the Court that it may require depositions of many of the 21 individuals who ARCO has disclosed with its Initial Rule 26(a)(1) Disclosures. NL also expects to take a Rule 30(b)(6) deposition of a corporate representative of ARCO. Because ARCO has now claimed to have spent tens of millions of dollars more since its Initial Rule 26 Disclosure, NL will ask that ARCO supply NL with an updated Rule 26 Disclosure Statement providing a full list of witnesses or potential witnesses and all documents in light of the additional money spent, along with a more detailed description of the information held by the 21 persons with knowledge so that NL can make more intelligent decisions about how many people will actually need to be deposed.

NL expects that its discovery will need to focus on, *inter alia*, the following:

- What disposal there was of any hazardous substance at any facility that was owned or operated by NL, at which such hazardous substances were disposed of, in order to make NL liable under Section 107(a)(2) of CERCLA as alleged by ARCO.

- What contract or agreement was made by NL, or how NL otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by NL or by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances to make NL liable under Section 107(a)(3) of CERCLA as alleged by ARCO.

- How NL accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by NL from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, to make NL liable under Section 107(a)(4) of CERCLA as alleged by ARCO.

- How ARCO incurred any necessary costs of response consistent with the national contingency plan

7. As the foregoing two paragraphs suggest, and as was the case when they negotiated and proposed the original Scheduling Order, the Parties may disagree as to certain details regarding scope and limitations of discovery. The Parties propose to confer with each other to develop a proposed, updated scheduling order to replace the original 2020 Scheduling Order to address specific discovery items and all other case management matters and deadlines, and to identify areas of disagreement.

8. Accordingly, the Parties request that the Court set a scheduling and planning conference to consider such a proposed order consistent with this Court's typical procedures.

WHEREFORE, for the reasons set forth above, Atlantic Richfield and NL request that the case be reopened, that the Court's clerk set a date for a planning and scheduling conference and that the Parties be directed to submit a proposed scheduling order seven (7) days in advance of the conference.

Respectfully submitted this 2nd day of April, 2025.

| | |
|---|---|
| */s/ R. Kirk Mueller* | */s/ Joel L. Herz* |
| R. Kirk Mueller | Joel L. Herz |
| Gail L. Wurtzler | LAW OFFICES OF JOEL L. HERZ |
| DAVIS GRAHAM & STUBBS LLP | 3573 East Sunrise Drive, Suite 215 |
| 1550 17th Street, Suite 500 | Tucson, AZ  85718 |
| Denver, CO 80202 | (520) 529-8080 |
| (303) 892.9400 | joel@joelherz.com |
| kirk.mueller@dgslaw.com | |
| gail.wurtzler@dgslaw.com | *Attorneys for Defendants NL Industries, Inc. and NL Environmental Management Services* |
| *Attorneys for Plaintiff Atlantic Richfield Company* | |

4

**CERTIFICATE OF SERVICE**

      I certify that on the 2nd day of April, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

*/s/ Lauren Norman*
Lauren Norman